# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CITY OF CREVE COEUR )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL INSURANCE COMPANY )<br>)<br>)<br>Defendant. ) | Case No.:<br><br>**(JURY TRIAL DEMANDED)** |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, City of Creve Coeur, by and through the undersigned counsel, and for its cause of action against Defendant, Federal Insurance Company, alleges and states as follows:

## PARTIES, VENUE, AND JURISDICTION

1. The City of Creve Coeur, Missouri ("Creve Coeur" or "Plaintiff") is a lawfully existing Missouri municipal corporation and home rule charter city within the meaning of Mo. Const, art. VI, sec. 19; sec. 82.010, RSMo, et seq.; and all other applicable laws, and it has been at all times during the preceding five years. Creve Coeur is located in St. Louis County, Missouri.

2. Defendant Federal Insurance Company ("Federal Insurance" or "Defendant") is an insurance company domiciled in the State of Connecticut authorized to engage in the business of Insurance in the State of Missouri.

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule 3.2 because a substantial part of the events or omissions giving rise to this action occurred in Creve Coeur, Missouri, which is situated in St. Louis County, Missouri, and because the insured property at-issue in the instant action is situated in Creve Coeur, St. Louis County, Missouri.

## FACTS COMMON TO ALL COUNTS

5. Creve Coeur maintains commercial real property (the "Properties") located at:
    a. 300 N. New Ballas Rd., Creve Coeur, Missouri 63141 (Premises 1);
    b. 11400 Old Cabin Rd., Creve Coeur, Missouri 63141 (Premises 2);
    c. 996 E. Rue De La Banque, Saint Louis, Missouri 63141 (Premises 6).

6. Federal Insurance sold to Creve Coeur a property insurance policy covering the Properties, Policy No. 3583-42-08 STL (the "Policy") (*see Exhibit 1.*)

7. Creve Coeur has been insured by Federal Insurance for the last ten (10) years.

8. The Policy was issued by Federal Insurance.

9. The Policy states Federal Insurance "will pay for direct physical loss or damage to: building; or personal property, caused by or resulting from a peril not otherwise excluded, not to exceed the applicable Limit of Insurance for Building or Personal Property shown in the Declarations."

10. Hail damage is a Covered Cause of Loss.

11. Wind damage is a Covered Cause of Loss.

12. Water Damage is a Covered Cause of Loss.

13. Pursuant to the Policy, Federal Insurance agreed to indemnify Creve Cour for the cost to repair, rebuild and replace damaged Properties covered under the Policy.

14. In exchange for the Policy during Policy Period from July 1, 2021 to July 1, 2022, Creve Coeur paid a premium of $114,614.00.

15. During the aforesaid Policy Period, an event causing damage occurred at the Properties.

16. As a result of said occurrence the roofs and building interiors of the Properties sustained permanent damage from wind, hail, and related water penetration.

17. Creve Coeur reported a claim to Federal Insurance for the wind and hail damage and subsequent related water damage.

18. Federal Insurance and/or Federal Insurance's representative(s) assigned Claim No. 092021020532 to the reported loss ("Claim").

19. On or about October 20, 2021, Federal Insurance and/or Federal Insurance's representative(s) retained JS Held and Vertex to inspect the Properties.

20. On October 27, 2021, a representative of JS Held and Vertex inspected the Properties' roofs.

21. As a result of its October 27, 2021, inspection, Federal Insurance identified wind and hail damage to the Properties during the Policy Period.

22. Based on their findings, Federal Insurance paid Creve Coeur $159,107.50 for the damages found by JS Held and Vertex.

23. Creve Coeur disagreed with the findings by Federal Insurance and retained Skyline Adjusters ('Skyline') to assist them with the adjustment of the claim.

24. Skyline conducted their own inspections, and prepared estimates for the repairs to the Properties.

25. Skyline did a complete inspection of the Properties and found that in addition to wind and hail damage to the exterior of the Properties, there was subsequent related interior water damage at the Properties.

26. Skyline prepared an estimate (*see Exhibit 2*) and found damage to the Properties as follows:

   a. Premises 1 - $805,269.44;

   b. Premises 2 - $323,380.33;

   c. Premises 6 - $238,937.63.

27. In compliance with the Policy conditions Skyline submitted a Sworn Statement in Proof of Loss for each of the Properties on or about December 6, 2023 (*see Exhibit 3*).

28. Creve Coeur has incurred costs in the form of paying for some of the repairs to the covered damage.

29. Creve Coeur has incurred and continues to incur costs in the form of attorney fees and litigation expenses.

30. Defendant has made no further payment to date.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract by Defendant)

31. Creve Coeur realleges and reaffirms Paragraphs 1 – 30 as if fully set forth herein.

32. Federal Insurance issued a Policy to Creve Coeur, which requires Federal Insurance to pay for any and all Covered Causes of Loss not expressly excluded or otherwise limited by the Policy.

33. The Policy between Federal Insurance and Creve Coeur is a binding contract.

34. Creve Coeur paid a premium and otherwise performed all conditions precedent to recover benefits under the Policy.

35. Losses caused by hail and wind are not excluded or limited under the terms and conditions of the Policy and, as such, hail and wind are covered risks under the Policy.

36. While the Policy was in full force and effect, the Properties sustained hail and wind damage and subsequent related water damage.

37. Federal Insurance accepted liability for the wind and hail losses and issued payment of $159,107.50 for wind-caused damage and hail-caused damage to the Properties.

38. Federal Insurance refused to make any payment for subsequent related water damage.

39. Creve Coeur has substantially performed all conditions required by the Policy to be performed by Creve Coeur, including but not limited to providing prompt notice of the loss to Federal Insurance and otherwise cooperating with Federal Insurance's investigation into the Claim.

40. Creve Coeur is entitled to all benefits due and owing under the Policy.

41. It is Federal Insurance's duty to pay the entire amount due under the Policy for the losses and damages the Properties sustained as a result of wind and hail event, including water damage.

42. Federal Insurance has failed or otherwise refused to pay the entire amount due and owing to Creve Coeur under the Policy.

43. Federal Insurance's failure to honor its obligations under the Policy is a breach of contract.

44. As a direct and proximate result of Federal Insurance's breach of the terms of the insurance contract, Creve Coeur has suffered damages of an amount in excess of $75,000, exclusive of attorneys' fees, costs, and all interest owed.

WHEREFORE, Plaintiff, City of Creve Coeur, respectfully prays for judgment in its favor and against Defendant, Federal Insurance Company, and prays this Court enter an award against Defendant for compensatory damages, consequential damages, pre- and post-judgment interest, costs of this action, attorneys' fees, and such other and further relief this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Plaintiff Alleges Vexatious Refusal to Pay by Defendant Pursuant to §§ 375.420 and 375.296, R.S. Mo)

45. Creve Coeur realleges and reaffirms Paragraphs 1 – 44 as if fully set forth herein.

46. Despite proper demand for payment of damages covered by the terms of the Policy, Federal Insurance has failed, neglected, or otherwise refused to make full payment pursuant to the Policy.

47. Federal Insurance's failure to fully and properly indemnify Creve Coeur for Creve Coeur's losses is an example of Federal Insurance's vexatious refusal to pay owed and covered damages.

48. Federal Insurance failed to retain competent and unbiased professionals to investigate Creve Coeur's claim, which is another example of Federal Insurance's vexatious refusal to pay owed and covered damages.

49. Federal Insurance's failure and/or refusal to pay all amounts due and owing under the Policy was without reasonable cause or excuse.

50. As a direct and proximate result of Federal Insurance's breach of the insurance contract and vexatious refusal to pay owed insurance proceeds to Creve Coeur, Creve Coeur has suffered damages.

51. Federal Insurance's failure and/or refusal to tender adequate and owed payment to Creve Coeur for covered losses is a vexatious refusal to pay pursuant to R.S. Mo. §§ 375.420 and 375.296, and, accordingly, Creve Coeur is entitled to additional damages provided by these statutes, including reasonable attorneys' fees and costs associated with prosecution of this case.

WHEREFORE, Plaintiff, City of Creve Coeur, respectfully prays for judgment in its favor and against Defendant, Federal Insurance Company, and prays this Court enter an award against Defendant consistent with R.S. Mo. § 375.420 for Defendant's vexatious refusal to pay owed insurance proceeds.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

By:/s/ Carl J. Lumley
Carl J. Lumley, #32869(MO)
Curtis, Heinz, Garrett & O'Keefe, P.C.
130 S. Bemiston, Ste. 200
Clayton, MO 63105
Tel. (314) 725-8788
Fax. (314) 725-8789
CLumley@chgolaw.com